IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROGER MACK,[1] | § |
| | § No. 399, 2020 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CS19-01215 |
| RACHEL MACK, | § Petition No. 19-14412 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |
| | § |

Submitted: November 12, 2021
Decided: December 16, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant ("Ex-Husband") filed this appeal from a Family Court order resolving matters ancillary to Ex-Husband's divorce from the appellee ("Ex-Wife"). For the reasons discussed below, we affirm.

(2) The parties were married on April 29, 2013, separated on March 15, 2019, and divorced by decree of the Family Court on October 7, 2019. The Family

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Court retained jurisdiction over property division, counsel fees, and court costs as requested by Ex-Wife, and subsequently granted Ex-Husband's motion to reopen and retain jurisdiction over Ex-Husband's request for alimony. The Family Court held a hearing on the ancillary matters on July 27, 2020. Both parties testified on their own behalf and called no other witnesses.

(3) On October 19, 2020, the Family Court entered an order resolving the ancillary matters. Applying 13 *Del. C.* § 1513, the court concluded that a 50/50 division of the marital assets and debts was appropriate. The parties' largest asset was the marital home, which the court found had a value of $160,000 and a mortgage balance of $79,553.17, leaving net equity of $80,446.83. The court found that Ex-Husband had resided in the home since the parties' separation, while Ex-Wife had made the mortgage payments on the home from December 2018 until the time of the hearing, which totaled $13,387.97. Because Ex-Wife was working and had received approval from a bank to refinance the property, the court awarded possession of the home to Ex-Wife, who would be responsible for refinancing the property into her name. If Ex-Wife was able to refinance the home, she had to pay Ex-Husband $33,529.44, which represented Ex-Husband's half of the equity of the marital home ($40,223.42) minus half of the mortgage payments that Ex-Wife had made ($6,933.98). If Ex-Wife was unable to refinance the home, the home was to be sold with the parties splitting the net profit 50/50, with a deduction of $6,933.98 from

2

Ex-Husband's share to credit Ex-Wife for half of the mortgage payments. The parties stipulated to the division of certain items of personal property. The Family Court awarded the parties' pets to Ex-Husband and ordered that any remaining items of disputed personal property would be distributed by the two-list method,[2] with Ex-Wife to prepare the lists.

(4) Applying 13 *Del. C.* § 1512, the court found that Ex-Husband had not shown by a preponderance of the evidence that he was a dependent party. The court also found that Ex-Husband had sufficient property to provide for his reasonable needs and he had sufficient education and/or training to find appropriate employment. The court therefore concluded that Ex-Husband was not entitled to alimony.

(5) On appeal, Ex-Husband asserts various challenges to the Family Court's decision concerning property division and alimony. On appeal from a Family Court decision on property division and alimony matters, this Court reviews the Family Court's factual and legal determinations, as well as its inferences and

---

[2] *See Schmidt v. Schmidt*, 2018 WL 4031049 (Del. Aug. 23, 2018) ("The 'two-list method' is a means of dividing marital household furnishings and miscellaneous tangible personal property where one spouse prepares two separate lists of the property subject to division. The other spouse then gets to select the list of personal property that he or she wishes to retain, while the other list of property is retained by the party who prepared the lists. The idea is that, because the other spouse has the choice between the two lists, the list-preparing spouse will prepare balanced lists, and the division will be fair.").

deductions.[3]  We review conclusions of law *de novo*.[4]  We will not disturb the Family Court's rulings on appeal if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly and logical reasoning process.[5]  If the Family Court correctly applied the law, then our standard of review is abuse of discretion.[6]

(6)    Ex-Husband challenges the Family Court's denial of his request for alimony on the grounds that the court incorrectly determined his expenses and incorrectly found that Ex-Husband would be able to work in the future.  Under 13 *Del. C.* § 1512, the Family Court may award alimony—after considering "all relevant factors," including those stated in 13 *Del. C.* 1512(c)—only if the court finds that the party requesting alimony (i) is dependent upon the other party for support; (ii) lacks sufficient property, including any award of marital property made by the court, to provide for his or her reasonable needs; and (iii) is unable to support himself or herself through appropriate employment.[7]  After careful consideration of the record, we find no reversible error in the Family Court's denial of alimony.  Ex-Husband had the burden of proving his dependence by a preponderance of the evidence.[8]  The Family Court gave Ex-Husband sufficient opportunity to present

---

[3] *Thorpe v. Gaines-Thorpe*, 2014 WL 2647366, at *1 (Del. June 11, 2014).
[4] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).
[5] *Mercer v. Mercer*, 2020 WL 205066, at *1 (Del. Apr. 28, 2020).
[6] *Id.*
[7] 13 *Del. C.* § 1512(b).
[8] *Thomas v. Thomas*, 102 A.3d 1138, 1145 (Del. 2014).

4

testimony or other evidence that his expenses exceeded even his modest income from public benefits, and he failed to do so. Moreover, in light of the Family Court's award to Ex-Husband of one-half of the home equity, we find that its conclusion that Ex-Husband had sufficient property to provide for his reasonable needs is supported by the record and the product of an orderly and logical reasoning process.

(7) Ex-Husband also challenges several aspects of the property-division award. First, he argues that the Family Court erred by crediting Ex-Wife for one-half of the mortgage payments that she made from December 2018 until the time of the hearing. After careful consideration of the record, we conclude that the Family Court appropriately considered Ex-Husband's extended stay in the marital residence after separation and the fact that Ex-Wife assumed responsibility for all mortgage payments when ordering that credit.[9] Second, Ex-Husband argues that the Family Court erred by ordering that Ex-Wife, rather than Ex-Husband, should prepare the two lists for division of the parties' personal property. Ex-Husband did not ask the Family Court during the hearing to allow him to prepare the lists, and this argument has therefore been waived.[10] Third, Ex-Husband contends that the Family Court erred by awarding the parties' pets to him, rather than to Ex-Wife, when he will not

---

[9] *Phillips v. Phillips*, 1997 WL 398921, at *1 (Del. June 23, 1997).
[10] DEL. SUPR. CT. R 8.

5

have possession of the home where the pets live. We find no reversible error on this issue. If Ex-Husband does not want to keep the pets, he may rehome them.

(8) To the extent that Ex-Husband asserts that the Family Court erred relating to discovery or evidentiary rulings, we find no abuse of discretion.[11] To the extent that Ex-Husband alleges that Ex-Wife has disobeyed orders of the Family Court, he must seek relief from the Family Court.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. The motion seeking a stay of the Family Court's order is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] *See Swanson v. Davis*, 2013 WL 3155827, at *4 (Del. June 20, 2013) (stating that the standard of review for a trial court's evidentiary rulings or application of discovery rules is abuse of discretion).

[12] *Kahn v. Kahn*, 2012 WL 5663359, at *2 (Del. Oct. 16, 2013).

6